Filed 9/25/20  In re Daniel L. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DANIEL L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL L.,<br><br>        Defendant and Appellant. | A157515<br><br>(Solano County<br>Super. Ct. No. J44480) |

Daniel L., an identified member of the Norteño street gang, appeals a disposition order entered after he and another gang member who is a friend and schoolmate were arrested together in gang territory, each in possession of a concealed gun.  As part of a plea agreement, Daniel admitted to one misdemeanor count of carrying a concealed firearm (Pen. Code, § 25400(a)(2)). He now appeals, contending the juvenile court abused its discretion by imposing as a condition of his probation the requirement that he submit his electronic devices to warrantless searches.  He argues the condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), as recently construed by *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).

1

We agree. The electronics search condition imposed here allows unfettered access to all of Daniel's electronic information, without limitation. Its burden is disproportionate to any legitimate purpose it seeks to accomplish, which the People argue is that of ensuring his compliance with a stay-away order and the gang terms of his probation. Accordingly, it must be stricken.

## BACKGROUND

On May 16, 2019, local police in Vallejo, California responded to a report of someone showing a handgun to other individuals in an area known to be territory of the Norteño gang. Upon arriving at the scene, they encountered Daniel (16 years old at the time), his friend D.B. whom police recognized as a validated member of the Norteño gang, and a third person, L.R. All three were wearing red clothing and had past gang-related contacts. D.B. was on juvenile probation and had been arrested several weeks earlier for concealing a loaded revolver in his waistband in the company of other gang members.

Upon arriving at the scene, police executed a probation search of D.B. and found in his possession a loaded handgun and an unloaded magazine. Daniel admitted he had a gun too, which was found in his waistband and was registered to someone else. Both teens were arrested. Daniel denied being in or affiliated with a gang, but during the investigation of this case local police validated him as a member of the Norteño gang.

A juvenile wardship petition was filed charging Daniel with one felony count of carrying a concealed firearm (Pen. Code, § 25400(a)(2)), and one felony count of carrying a loaded firearm by someone not in lawful possession of the firearm or prohibited from possessing a firearm (id., § 25850, subds. (a), (c)(4)). Pursuant to a negotiated resolution, the concealed firearm

2

possession count was reduced to a misdemeanor and Daniel admitted it, and the loaded firearm charge was dismissed.

At the subsequent disposition hearing on June 10, 2019, the juvenile court adjudged Daniel a ward of the court and placed him on probation subject to various terms and conditions. One was a stay-away order, prohibiting Daniel from having contact with his two co-responsibles, D.B. and L.R. (other than incidental contact at school, and getting driven together with D.B. to and from school by either teen's parents). Over the objection of Daniel's defense counsel, the juvenile court also imposed gang terms which prohibit a variety of conduct. Among the restrictions, the gang terms prohibit Daniel from associating with or contacting anyone identified to him by his parents or probation officer as someone he may not associate with, as well as "post[ing], display[ing] or transmit[ting] through a computer, cellular phone or other means of electronic communication any symbols, photographs or other information that the Minor knows to be, or that the Probation Officer informs the Minor to be, gang-related."

The electronics search condition challenged here also was imposed over defense counsel's objection. The probation report had recommended this "to ensure his compliance with gang terms." And at the hearing, the district attorney elaborated as follows (italics added): "I believe that the probation department is requesting the search of the electronic search criteria [*sic*] because of the gang association and that is *generally the kids will have postings on social media with gang signs and gang paraphernalia. They will communicate with fellow gang members*. And in order for probation and the police department to enforce the gang terms—which I think is very important in this case. [¶] If it is as he says that he is not a gang member, then none of this should be a problem for him. And if he is a gang member, the gang

3

terms generally help them to disassociate by being able to say 'I cannot hang out with you guys because then I get arrested because it is part of my probation that I don't hang out with you guys.' [¶] I think it's useful and important in his rehabilitation that the Court not only impose the gang terms but also the electronic search condition to go along with it and help the police department and the probation department enforce those gang terms."

Noting that the propriety of electronics search conditions was then pending before the Supreme Court, a reference to *In re Ricardo P.*, the juvenile court conditioned the electronics search term on the outcome of that case. As ordered, the electronics search condition requires Daniel to submit to warrantless searches "any electronic devices [he] owns/possesses/has access to, and to provide passwords, provided that this term is deemed legal by the California Supreme Court."

This timely appeal followed.[1]

## DISCUSSION

Daniel's sole contention is that the search condition must be stricken in its entirety as unreasonable under *Lent*, *supra*, 15 Cal.3d 481, as recently construed by *Ricardo P.*, *supra*, 7 Cal.5th 1113. He argues the lack of any connection in the record between his use of electronic devices and criminal activity renders it invalid.[2] The People argue that the search condition is justified by the need to monitor Daniel's compliance with both the gang terms

---

[1] The parties are in agreement that Daniel's general waiver of his right to appeal as part of his plea agreement does not preclude our review of this issue. We have considered the point and conclude the same; extended discussion is unnecessary.

[2] In an argument heading, he also asserts the condition is unconstitutionally vague. That argument is not developed, however. Moreover, in light of our disposition the point also is moot.

4

and the stay-away order prohibiting him from having contact with his friend and co-participant, D.B., and that given the seriousness of Daniel's offense and the negative social influence of his friend, it is not unduly burdensome.

Our discussion presumes the parties' familiarity with the *Lent* factors, the general legal standards that apply to the imposition of juvenile probation conditions, and the abuse of discretion standard of review. (See *In re Amber K.* (2020) 45 Cal.App.5th 559, 564-565 (*Amber K.*).) Zeroing in, the pertinent issue here is whether the challenged electronics search condition satisfies *Lent*'s third prong: whether it is reasonably related to Daniel's future criminality. (See *Lent*, *supra*, 15 Cal.3d at p. 486.)

In *Amber K.*, we summarized the law pertaining to electronics search conditions under *Lent*'s third prong, as recently clarified by our Supreme Court:

"In *Ricardo P.*, our Supreme Court discussed the *Lent* requirement of reasonable relatedness to future criminality in the context of an electronic search condition. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122-1123.) There, the defendant admitted allegations that he committed two felony burglaries. (*Id.* at p. 1116.) The probation conditions imposed by the juvenile court included drug testing, prohibitions on using illegal drugs and alcohol, and prohibitions on associating with people whom Ricardo knew to use or possess illegal drugs. (*Ibid.*) The juvenile court also imposed a condition requiring the minor to submit his electronics, including passwords, to warrantless search at any time of the day or night. (*Id.* at pp. 1116-1117.) The condition was imposed solely to allow probation officers to monitor whether Ricardo was communicating about drugs or with people associated with drugs (*id.* at pp. 1116-1117), but the language of the search condition did not reflect its limited purpose. In the absence of any evidence that electronic devices were

5

connected to the commission of the burglaries, or that Ricardo used electronic devices in connection with drug use or any other criminal activity, our Supreme Court concluded that the electronic search condition was invalid under *Lent* because the burden it imposed on his privacy was 'substantially disproportionate to the condition's goal of monitoring and deterring drug use' (*id.* at pp. 1119-1120) and therefore not reasonably related to future criminality. (*Id.* at p. 1122.) Although our Supreme Court emphasized that it was not categorically invalidating electronic search conditions, it affirmed the Court of Appeal's judgment striking the condition and directed that the case be remanded to the juvenile court for further proceedings. (*Id.* at pp. 1128-1129.) The Supreme Court did not reach the issue whether the record might support a narrower search condition, such as one limited to electronic information reasonably likely to reveal whether Ricardo was communicating about drugs, nor how such a condition might be phrased. (See *id.* at p. 1124.)

"Our colleagues in Division Four applied the *Ricardo P.* standard in *In re Alonzo M.* (2019) 40 Cal.App.5th 156, 160 (*Alonzo M.*), a case where the minor admitted grand theft of a person, taking property valued at more than $950, and pleaded no contest to misdemeanor burglary. The juvenile court imposed various conditions of probation, including that Alonzo stay away from his co-responsibles and from other people of whom his parents or the probation officer disapproved, and an electronic search condition for the purpose of addressing Alonzo's admitted susceptibility to negative social influences. (*Id.* at pp. 166-167.) The actual terms of the search condition, however, reached beyond the stated purpose and, though not as broad as the condition in *Ricardo P.*, authorized the search of any medium of communication reasonably likely to reveal whether the minor was complying

6

with any of the terms of his probation, not limited to terms related to Alonzo's susceptibility. (*Id.* at p. 167; compare *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116-1117.) Even though the record in *Alonzo M.* showed that minor spent a significant amount of time using electronic devices, and the Court of Appeal concluded that an electronic search condition would be permissible as reasonably related to minor's future criminality, our colleagues concluded that the challenged condition was invalid because it 'burden[ed] Alonzo's privacy in a manner substantially disproportionate to the probation department's legitimate interest in monitoring Alonzo's compliance with the stay-away orders.' (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168.) The Court of Appeal struck the condition and remanded the case to the juvenile court 'so the court may consider whether to adopt an electronic search condition consistent with this opinion.' (*Ibid.*)" (*Amber K., supra*, 45 Cal.App.5th at pp. 566–567.)

In *Amber K.*, we faced a similar issue. In that case, a teenage girl physically attacked a schoolmate and then immediately afterwards, posted profanity-laced comments about the assault and photographs of herself flipping off the camera on social media. The juvenile court sustained allegations of felony assault, adjudged her a ward of the court and imposed various terms of probation, including a provision prohibiting the minor from having any contact with her victim, including by electronic means, and an electronics search condition.[3] (*Amber K., supra*, 45 Cal.App.5th at pp. 561-

---

[3] The condition permitted the warrantless search "of any medium of communication reasonably likely to reveal whether [the minor] is complying with the terms of her probation," including "text messages, voice-mail messages, photographs, email accounts and other social media accounts and applications such as Snapchat, Instagram, Facebook and Kik." (*Amber K., supra*, 45 Cal.App.5th at p. 564.) It also required the minor to "provide

7

564.) Applying the foregoing authorities, we held the juvenile court had not abused its discretion in imposing an electronics search condition to ensure the minor refrained from contacting the victim. (*Id.* at p. 567.) But we concluded the court had erred because the electronics search condition that it imposed was not limited to that probation condition. Rather, it broadly permitted electronic searches for the purpose of ensuring the minor was complying with all her probation conditions. This, we held, " 'burdens [the minor's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [her] compliance with' the no-contact order." (*Ibid.*) Therefore, we struck the electronics search condition and, as in *Alonzo M.*, remanded the matter with directions the juvenile court "consider whether to impose a revised condition" consistent with our opinion. (*Amber K.* at p. 568.)

Most recently, in *In re David C.* (2020) 47 Cal.App.5th 657, our colleagues in Division Three reached a similar result in a case involving a minor who committed sexual offenses at school against his classmates. (*Id.* at pp. 659-660.) The juvenile court imposed an electronics search condition that was argued to be necessary to monitor the minor's compliance with conditions prohibiting him from contacting his victims, possessing sexually explicit material, or accessing sexually explicit internet sites. (*Id.* at pp. 661-662, 664.) The Court of Appeal struck it down, because there was no evidence the minor had used electronics in connection with his crimes, and the People "did not articulate a specific justification" for the electronics search condition. (*Id.* at p. 663.) Rather, the People argued only that minors in sex offender treatment typically are subject to them so that " 'we . . . have the ability to

---

access codes to probation or any other peace officer upon request in order to effectuate such a search." (*Ibid.*)

8

see what they're looking at on the Internet.' " (*Ibid.*) The Court of Appeal concluded "[t]his general statement alone is insufficient to find that the electronics search condition is ' "reasonably related to future criminality" ' in this case, and, thus, the condition fails the *Lent* test. (*Ricardo P.*, at p. 1124.)" (*Id.* at pp. 663-664.) Nor did it matter that the condition was limited in scope to " ' "areas of the electronic devices where evidence likely to reveal criminal activity or where probation violations may be found." ' " (*Id.* at p. 664.) That limitation did not "meaningfully" narrow its scope, the court reasoned, and "still imposes a 'very heavy burden' (*Ricardo P., supra,* 7 Cal.4th at p. 1124) on minor's privacy interests because it permits searches of social media accounts, e-mails, text messages, search histories, and digital photos and videos." (*Ibid.*) In striking down the condition, however, our colleagues left the juvenile court free to fashion a more narrow search condition "tailored to the court's specific concerns regarding minor's involvement in future criminal activity" and to decide for itself the parameters of such a condition. (*Id.* at p. 665, fn. 4; see also *id.* at p. 674, fn. 13 [similar].)

In this case, there is no evidence in the record that Daniel used electronics in connection with his firearms offense, and no evidence either he or his gang generally use social media or electronic means to transmit gang-related information. Nor is there anything in the record to suggest Daniel communicates with his co-responsibles through electronic means or social media. Yet the juvenile court broadly authorized warrantless searches, without limitation (subject only to the caveat "that this term is deemed legal by the California Supreme Court"), of "any electronic devices [he] owns/possesses/has access to, and to provide passwords." The district attorney recommended this broad condition based on nothing other than

9

generalizations about typical teenage gang member behavior: that "generally the kids will have postings on social media with gang signs and gang paraphernalia. They will communicate with fellow gang members." This is precisely the kind of 'abstract or hypothetical" connection deemed insufficient by the Supreme Court in *Ricardo P.* (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1121, 1124.)

The People argue that there is an evidentiary basis for this broad electronics search condition, but we disagree. The People stress a statement in the probation report that Daniel's friend and co-responsible D.B. supposedly "was featured on social media throwing gang signs," and a statement that Daniel's parents take his phones or electronic devices away as a form of discipline. Leaving aside that those were not the justifications for the electronics search condition the People proffered below, they are insufficient. Regarding Daniel's friend D.B., the People mischaracterize the record; the probation report says nothing about D.B.'s use of social media or electronic devices, it says only D.B. "has . . . been depicted in photos" throwing gang signs. Although it is possible that some such photos were located on social media, we are unwilling to speculate. Moreover, there is no evidence that Daniel used or accessed any social media that may have been used by D.B.

Evidence that Daniel's parents use electronics as a form of discipline is not sufficient to support such a broad and sweeping search clause, either. It is simply unreasonable to infer that Daniel's use of electronics "may be problematic," as the People assert. In *Alonzo M.*, there was similar evidence that restrictions on the minor's use of electronic devices was used as a form of discipline and, unlike here, evidence that the minor spent a significant amount of time using electronics. Yet our colleagues in that case struck down

an electronics search condition that was not as broad as this one (it was limited to a search on the minor's devices "of any medium of communication reasonably likely to reveal whether you're complying with the terms of your probation"), because it was not sufficiently tailored to its legitimate purpose of preventing the minor from communicating with his co-responsibles or other peers that had a negative influence on him. (See *Alonzo M.*, *supra*, 40 Cal.App.5th at pp. 163, 166-168.) Nor can we, under *Lent* or *Ricardo P.*, sanction such a substantial intrusion into Daniel's privacy based on such a tenuous ground. If parents taking a teen's cell phone away as a form of discipline were enough to support such a broad electronics search condition, virtually every teen on juvenile probation would be subject to one. (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1123-1124.)

The People also argue that the only way to enforce the gang conditions and the stay-away order is to permit a search of Daniel's electronic devices. We agree that these are legitimate considerations. But, as in the authorities we have discussed, this condition sweeps far more broadly. The juvenile court did not tailor this search condition to the specific purposes of monitoring Daniel's contact with his co-responsibles or his compliance with the gang terms. Rather, it allowed blanket access to everything on (or, apparently, accessible from) his electronic devices. We do not minimize the seriousness of Daniel's gang ties, or the legitimate need to monitor his compliance with those terms. But allowing a blanket search of all his electronics, with unfettered access to every detail of his private life, goes too far. " '[T]his wide-ranging search clause burdens [Daniel's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [his] compliance with' " the stay-away order and the gang terms. (*Amber K.*, *supra*, 45 Cal.App.5th at p. 567.)

11

## DISPOSITION

The disposition order is affirmed except the electronic search condition, which is stricken. The matter is remanded to the juvenile court to consider whether to impose a revised condition consistent with this opinion.

_____

                                          STEWART, J.


We concur.


_____

RICHMAN, Acting P.J.


_____

MILLER, J.


*In re Daniel L.* (A157515)

13